IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-230-CV





HAZEL CORN,



 APPELLANT


vs.





CITY OF LULING, TEXAS, INDIVIDUALLY AND


D/B/A EDGAR B. DAVIS MEMORIAL HOSPITAL,



 APPELLEES




 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT



NO. 90-PI-0013, HONORABLE CHARLES R. RAMSAY, JUDGE



 





PER CURIAM



 Appellant Hazel Corn seeks to appeal from an order of dismissal and for sanctions
rendered by the district court of Caldwell County. Appellee the City of Luling, Texas,
individually and d/b/a Edgar B. Davis Memorial Hospital has filed a motion to dismiss the appeal. 
We will grant the motion and dismiss the appeal for want of prosecution.

 On January 29, 1991, the district court rendered its order dismissing Corn's claim
against the City and imposing sanctions against Corn. Because she filed a timely motion for new
trial, Tex. R. App. P. Ann. 41(a) (Pamph. 1991) required Corn to perfect her appeal no later than April 29, 1991. Although filed on April 30, 1991, the cost bond was timely pursuant to Tex.
R. App. P. Ann. 4(b) (Pamph. 1991). (1)

 The record was due to be filed in this cause no later than May 29, 1991. Tex. R.
App. P. Ann. 54(a) (Pamph. 1991). Pursuant to Corn's amended motion for extension of time
to file transcript, the transcript was filed on June 26, 1991. Tex. R. App. P. Ann. 54(c) (Pamph.
1991).

 Accordingly, Corn's brief was due to be filed on or before July 26, 1991. Tex.
R. App. P. Ann. 74(k) (Pamph. 1991). On October 3, 1991, after the City filed its motion to
dismiss, Corn filed an unverified motion for extension of time to file brief. Corn requests a
"reasonable extension" because her attorney has been researching the law and needs additional
time to prepare a clear, comprehensive brief.

 Texas R. App. P. Ann. 74(n) (Pamph. 1991) provides that an appellate court may
grant additional time for filing a brief if a party shows "a reasonable explanation of the need for
more time." Considering that her brief is over two months past due, we conclude that Corn has
not presented a reasonable explanation of the need for further time. We overrule the motion for
extension of time to file brief.

 This Court may dismiss an appeal for want of prosecution when the appellant has
failed to file a brief in the time prescribed and has not shown a reasonable explanation for such
failure. Tex. R. App. P. Ann. 74(l)(1) (Pamph. 1991); see Dickson v. Dickson, 541 S.W.2d 895
(Tex. Civ. App. 1976, writ dism'd w.o.j.).

 We grant the City's motion to dismiss appeal and dismiss the appeal for want of
prosecution.


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Dismissed for Want of Prosecution

Filed: October 9, 1991

[Do Not Publish]
1.   Corn filed an untimely motion for extension of time to file cost bond in this Court on
June 14, 1991. Attached to that motion is the district clerk's affidavit in which she states
that she received the bond in the United States Mail on the morning of April 30, 1991, and
that, therefore, Corn could not have mailed the bond any later than April 29, 1991.